#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SAVANNAH THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   12-cv-2656 CM/KGG |
| | ) |
| NATIONAL CREDIT ADJUSTERS, LLC. | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, SAVANNAH THOMPSON, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, NATIONAL CREDIT ADJUSTERS, LLC., Plaintiff states as follows:

#### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

#### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

#### III.    PARTIES

4.    SAVANNAH THOMPSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Camarillo, County of Ventura, State of California.

1

5. The debts that Plaintiff was allegedly obligated to pay were payday loans, the funds of which were used for the personal use of Plaintiff and/or for household expenditures (hereinafter "the Debt").

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. NATIONAL CREDIT ADJUSTERS, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of California. Defendant is registered as a limited liability company in the State of Kansas.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

13. On or about June 28, 2012, Defendant sent Plaintiff multiple letters in an attempt to collect the Debt.

14. The letters Defendant sent to Plaintiff, dated June 28, 2012, were sent to Plaintiff at her residential address.

15. As of on or about June 28, 2012, Defendant had information in its possession relative to an address at which it could communicate with Plaintiff relative to the Debt.

16. In July 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

17. Defendant initiated the aforesaid telephone call to Plaintiff at Plaintiff's place of employment.

18. At the time Defendant initiated the aforesaid telephone call to Plaintiff, Defendant left a voicemail message for Plaintiff, at her place of employment, in an attempt to collect the Debt.

19. Plaintiff heard the contents of the voicemail message Defendant left for Plaintiff

20. In July 2012, subsequent to Plaintiff having heard the voicemail message Defendant left for her, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Defendant.

21. Plaintiff informed Defendant that she was returning a voicemail message Defendant had left for her at her place of employment.

22. Plaintiff told Defendant that she did not want Defendant to contact her at her place of employment.

23. Plaintiff further specifically advised Defendant that her employer does not permit her to accept calls of such nature while she is at work.

24. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Plaintiff provided Defendant with her cellular telephone number.

25. Plaintiff told Defendant to contact her at her cellular telephone number instead of contacting her at her place of employment.

26. Defendant informed Plaintiff that it would continue to contact her at her place of employment.

27. Defendant further informed Plaintiff that because she had previously provided Defendant with her telephone number at her place of employment that Defendant would continue to contact her at said telephone number.

28. Defendant's statements that it would continue to contact Plaintiff at her place of employment, subsequent to Plaintiff having informed Defendant that she could not accept telephone calls from Defendant while she was at work, were made in an attempt to coerce Plaintiff into making a payment to Defendant.

29. In July 2012, subsequent to the aforesaid telephone conversation between the parties, Defendant had information in its possession relative to a telephone number, other than Plaintiff's telephone number at her place of employment, at which Defendant could communicate with Plaintiff relative to the Debt.

30. In July 2012, despite Defendant having been advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant proceeded to initiate a telephone call to Plaintiff at her place of employment in a further attempt to collect the Debt.

31. In July 2012, despite Defendant having information relative to alternative contact information for Plaintiff, Defendant proceeded to initiate a telephone call to Plaintiff at her place of employment in a further attempt to collect the Debt.

32. In July 2012, Defendant initiated a telephone call to Plaintiff's place of employment wherein Defendant left a message for Plaintiff's supervisor.

33. Defendant informed Plaintiff's supervisor that Plaintiff was to contact Defendant regarding an urgent matter.

34. At no time did Defendant inform Plaintiff's supervisor that it was calling to confirm or correct location information for Plaintiff.

35. Plaintiff's supervisor informed Plaintiff of the aforesaid representations made by Defendant.

36. Defendant's representations that Plaintiff was to contact Defendant regarding an urgent matter were false, deceptive and/or misleading given that Defendant was attempting to contact Plaintiff in an attempt to collect the Debt.

37. In July 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number in an attempt to collect the Debt.

38. Plaintiff did not answer the aforesaid telephone call initiated by Defendant as Plaintiff was at her place of employment.

39. In July 2012, immediately after Defendant initiated the aforesaid telephone call to Plaintiff's cellular telephone number, Defendant initiated another telephone call to Plaintiff at her place of employment.

40. Defendant's conduct in initiating a telephone call to Plaintiff at her place of employment, immediately after having initiated a telephone call to Plaintiff on her cellular

5

telephone number and despite Plaintiff having informed Defendant that she could not receive telephone calls from Defendant while she was at her place of employment was abusive and/or harassing.

41. On or about July 23, 2012, Defendant initiated a telephone call to Plaintiff at her place of employment in a further attempt to collect the Debt wherein the parties engaged in a telephone conversation.

42. During the course of the aforesaid telephone conversation, Defendant told Plaintiff that if she did not enter into a payment agreement with Defendant then Defendant would update its account to reflect that Plaintiff refused to pay the Debt.

43. Defendant further told Plaintiff that if she did not enter into a payment agreement with Defendant then Defendant would take action against Plaintiff.

44. At no time has Plaintiff informed Defendant that she refused to pay the Debt.

45. Defendant's representations to Plaintiff that it would update its account to reflect that Plaintiff refused to pay the Debt and that Defendant would take action against Plaintiff had the effect of conveying to an unsophisticated consumer that Defendant would refer the debts on which it was attempting to collect to the original creditors to take additional collection actions against Plaintiff, such as filing lawsuits against Plaintiff.

46. Defendant's representations to Plaintiff, as delineated above, further had the effect of conveying to an unsophisticated consumer that the original creditors to whom Plaintiff allegedly owed debts would proceed with initiating lawsuits against Plaintiff relative to the debts.

47. Defendant has not filed a lawsuit against Plaintiff for the Debt.

48. Upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

49. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

50. Upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

51. Defendant's statement that it would update its account to reflect that Plaintiff refused to pay the Debt was neither a statement made in an effort to seek payment from Plaintiff nor a statement made to further the collection efforts of Defendant.

52. The natural consequence of Defendant's statement to Plaintiff, as delineated above, was to unjustly condemn and vilify Plaintiff for her non-payment of the debts she allegedly owed.

53. The natural consequence of Defendant's statement was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

54. The natural consequence of Defendant's statement was to cause Plaintiff mental distress.

55. During the course of the aforesaid telephone call between Plaintiff and Defendant, Defendant further informed Plaintiff that if she did not enter into a payment agreement with Defendant then Defendant would garnish her wages.

56. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the Debt.

57. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the Debt.

58. The Debt is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the Debt.

7

59. Due to Defendant's representations during the course of the aforesaid telephone call, Plaintiff entered into a payment agreement with Defendant relative to the Debt.

60. Defendant coerced Plaintiff into entering into a payment agreement with Defendant relative to the Debt as Plaintiff believed that Defendant would garnish her wages and take action against her if she did not enter into a payment agreement with Defendant.

61. On or about August 9, 2012, despite Defendant having been advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant proceeded to initiate a telephone call to Plaintiff at her place of employment in a further attempt to collect the Debt.

62. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

    c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    d. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

  g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

  i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

63. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

64. The Plaintiff, SAVANNAH THOMPSON, by and through her attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SAVANNAH THOMPSON, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

9

                                                          Respectfully submitted,
                                                        **SAVANNAH THOMPSON**


                                        By:    s/ D. Matthew Durgin
                                                   Attorney for Plaintiff

Dated: October 9, 2012

D. Matthew Durgin (Atty. No.: 21557)
SMITHMARCO, P.C.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:   (913) 908-2313
                    (913) 871-4170
Facsimile:    (888) 418-1277
E-Mail:       mdurgin@smithmarco.com